ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MICHAEL ALLIO (en su capacidad de albacea y fiduciario del Fideicomiso Testamentario del Caudal de DAVID JOHN ALLIO LITTAUER)<br><br>Recurrido<br><br>v.<br><br>CARMEN SANTIAGO CHARDON (por sí y en representación de sus hijos) y otros<br><br>Peticionarios | **KLCE202401032**<br><br><br><br>**Consolidado** | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2023CV07752<br><br>Sobre: División o Liquidación de la Comunidad de Bienes Hereditarios y otros |
| MICHAEL ALLIO (en su capacidad de albacea y fiduciario del Fideicomiso Testamentario del Caudal de DAVID JOHN ALLIO LITTAUER)<br><br>Peticionario<br><br>v.<br><br>CARMEN SANTIAGO CHARDON (por sí y en representación de sus hijos) y otros<br><br>Recurridos | **KLCE202401060** | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2023CV07752<br><br>Sobre: División o Liquidación de la Comunidad de Bienes Hereditarios y otros |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Bonilla Ortiz, Juez Ponente

## <u>RESOLUCIÓN</u>

En San Juan, Puerto Rico, a 19 de diciembre de 2024.

Comparece ante este foro, Giancarlo Allio Santiago y Mia María Allio Santiago (en conjunto, "hermanos Allio Santiago") y nos solicitan que revisemos dos (2) dictámenes emitidos por el Tribunal de Primera Instancia, Sala Superior de San Juan, notificados el 20 y 26 de agosto de 2024, respectivamente. En

virtud de estos, el foro primario reiteró su determinación de denegar el planteamiento sobre la nulidad de los fideicomisos.

Igualmente, el 30 de septiembre de 2024, el Sr. Michael K. Allio Littauer (señor Allio o Albacea) presentó un recurso de *certiorari* mediante el cual solicitó la revisión de la *Resolución* notificada el 20 de agosto de 2024 donde el foro primario denegó una solicitud de reconsideración parcial que había presentado. En consecuencia, el foro recurrido ordenó a que la Sra. Carmen Santiago Chardón (señora Santiago) permaneciera residiendo en el único bien inmueble del caudal.

El 4 de octubre de 2024, mediante *Resolución* ordenamos la consolidación de ambos recursos.

Por los fundamentos que expondremos a continuación, **DENEGAMOS** la expedición de los recursos de *certiorari* solicitados.

I.

Conforme surge de los expedientes, los hechos procesales que precedieron a los recursos consolidados de epígrafe son los que a continuación exponemos.

El 11 de agosto de 2023, el señor Allio, quien es el hermano del causante, albacea y fiduciario testamentario, presentó una *Petición de División de Comunidad de Bienes Hereditarios, Solicitud de Remedio Provisional para Tomar Posesión de Bienes en Poder de Terceros, en Protección del Caudal y otros extremos*, en contra de la señora Santiago, por sí y en representación de sus hijos, y únicos herederos del causante.[1]  En esencia, alegó que, el causante dispuso en su testamento, que todos los bienes fueran utilizados para el establecimiento de dos fideicomisos testamentarios designados como LIFE TRUST y SUPPORT TRUST, ambos en beneficio de los hermanos Allio Santiago.  A su vez, esbozó

---

[1] *Petición de División de Comunidad de Bienes Hereditarios, Solicitud de Remedio Provisional para Tomar Posesión de Bienes en Poder de Terceros, en Protección del Caudal y otros extremos*, págs. 1-17 del apéndice del recurso.

que el causante determinó el modo en cómo se debería distribuir el dinero, dependiendo del momento y edad de los hijos.

El Albacea añadió que, el 30 de junio de 2023, fue creado el *Allio Siblings Support Trust*, mediante Escritura Núm. 17 ante la Notario Lillianne Marie Muñiz, quien lo inscribió en el Registro Especial de Fideicomisos. No obstante, señaló que los fideicomisos no habían podido ser financiados apropiadamente, debido a que en E\*trade Morgan Stanley le requirieron una orden del tribunal para que pudiera realizar la transferencia del dinero a las cuenta que mantiene de la sucesión del causante. Así pues, entre otros asuntos, le solicitó al foro primario que le ordenara a la señora Santiago a que se abstuviera de solicitarle a E\*trade la transferencia del dinero correspondiente de los menores a ella; que fueran transferidos los bienes del caudal al albacea y fiduciario; y determinara que el dinero en las cuentas de E\*trade pertenecen al caudal hereditario, sujeto a las disposiciones del testamento.

El 8 de septiembre de 2023, la señora Santiago, por sí y en representación de sus hijos, presentó una *Contestación a Demanda y Reconvención*.[2] En síntesis, esbozó que el señor Allio nunca inscribió el fideicomiso testamentario, por lo que, era nulo. A su vez, informó que la residencia ubicada en el Condominio Regatta en San Juan es el hogar seguro de los menores, independientemente de que se fueran a estudiar a Estados Unidos. Finalmente, solicitó que el señor Allio fuera destituido del cargo de albacea por violar las disposiciones de la Ley.

Posteriormente, el 13 de septiembre de 2023, la señora Santiago presentó una *Moción Solicitando se Declaren Nulos los Fideicomisos Testamentarios*.[3] Alegó que, el 25 de mayo de 2021,

---

[2] *Contestación a Demanda*, págs. 99-105 del apéndice del recurso.
[3] Véase, *Moción Solicitando se Declaren Nulos los Fideicomisos Testamentarios*, entrada núm. 32 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

el causante había otorgado un Testamento Abierto. Sin embargo, planteó que conforme al Artículo 5 de la Ley de Fideicomisos, "[t]odo fideicomiso constituido en Puerto Rico se inscribirá en el Registro Especial de Fideicomisos, bajo pena de nulidad. […]" Así pues, sostuvo que los fideicomisos *post mortem* creados con la Escritura de Testamento nunca fueron notificados al Registro Especial de Fideicomisos, por lo que ambos eran nulos.

Luego de varias incidencias procesales, el 31 de octubre de 2023, el señor Allio presentó una *Moción Sometiendo Informe Albacea*.[4] En este, informó que la señora Santiago, quien no es heredera del caudal, está residiendo en el Apartamento 901 del Condominio Regatta en San Juan, el cual es el único inmueble del caudal hereditario, sin pagar renta, utilizades y otros gastos asociados al inmueble. Añadió que, los menores no se encuentran residiendo en la propiedad desde agosto de 2023, puesto que, están estudiando en los Estados Unidos.

El 22 de diciembre de 2023, los hermanos Allio Santiago a través del defensor judicial, presentaron una contestación enmendada a la petición de división de comunidad de bienes hereditarios presentada por el señor Allio, y a la reconvención de la señora Santiago.[5] Mediante esta, negaron que el albacea debía tomar posesión de la propiedad localizada en el Condominio Regatta, puesto que, ellos residen en la propiedad. No obstante, admitieron que conforme con el mandato testamentario, la señora Santiago debía entregar la posesión del apartamento en Condominio Regatta en o antes del 31 de agosto de 2023. De otra parte, admitieron que entregarles el dinero de las cuentas que se mantienen en E*trade, que constituye el 99.5% del caudal hereditario, violaría las disposiciones testamentarias. A su

---

[4] *Moción Sometiendo Informe Albacea*, págs. 133-134 del apéndice del recurso.
[5] *Contestación Enmendada de los Menores Codemandados a la "Petición de División de Comunidad de Bienes Hereditarios, Solicitud de Remedio Provisional para Tomar Posesión de Bienes en Poder de Terceros, en Protección del Caudal y Otros Extremos"* así como lo relativo a la Reconvención de la Madre Codemandada, págs. 147-169 del apéndice del recurso.

vez, que la señora Santiago se debía de abstener de solicitarle a E*trade el dinero en las cuentas a nombre de ellos, para que fueran transferidos a ella o cuando cumplieran los 18 años.

Luego de varias incidencias procesales, el 9 de enero de 2024, el foro primario notificó una *Resolución*, mediante la cual declaró *No Ha Lugar* a la solicitud de nulidad de los fideicomisos instada por la señora Santiago.[6]

El 11 de abril de 2024, los hermanos Allio Santiago presentaron una *Moción y Solicitud de Orden para que el Fideicomiso constituido en Rhode Island sea traído a nuestra jurisdicción*.[7] En esencia, esbozaron que el causante testó en Puerto Rico, que, al fallecer, sus bienes fueran puestos por mitad en dos fideicomisos (1) el *Support Fund* para los estudios y manutención de los menores, y (2) el *Life Trust* cuyo *corpus* sería distribuido cuando los menores alcanzaran los 35 y 40 años. No obstante, plantearon que el *Support Fund* fue incorporado en Puerto Rico, siendo inscrito en el Registro Especial de Fideicomisos, mientras que, el *Life Trust* está incorporado en Rhode Island. Por ello, solicitaron que ambos fideicomisos fueran constituidos y gobernados bajo la Ley de Fideicomisos de Puerto Rico y así también quedaran bajo la jurisdicción del tribunal.

Posteriormente, el 10 de mayo de 2024, el defensor judicial de los hermanos Allio Santiago presentó una moción en la cual resaltó que éstos habían realizado los actos de emancipación, por lo que, estaban capacitados para obrar como personas mayores o adultas.[8]

---

[6] *Resolución*, págs. 170-171 del apéndice del recurso.
[7] *Moción y Solicitud de Orden para que el Fideicomiso constituido en Rhode Island sea traído a nuestra jurisdicción*, págs. 198-202 del apéndice del recurso.
[8] *Moción del Defensor Judicial, Anejando Dos Escrituras de Emancipación, para dejar establecido hecho jurídico y otros asuntos*, págs. 227-230 del apéndice del recurso.

El 7 de junio de 2024, el señor Allio presentó una *Urgente Moción Solicitando Pago de Rentas*.[9] En esta, esbozó que le hizo varios acercamientos al defensor judicial de los hermanos Allio Santiago, respecto a que la señora Santiago estaba causando pérdidas al caudal hereditario al estar residiendo en el Condominio Regatta sin pagar una renta. Por lo que, les había ofrecido a los hermanos Allio Santiago que fuera vendida la propiedad. No obstante, el señor Allio le llegó a solicitar al foro primario que le impusiera a la señora Santiago el pago de una renta, en beneficio del caudal, a su vez, que restituyera la suma de $115,562.75 por no pagar renta.

Posteriormente, el 29 de julio de 2024, el Albacea presentó una *Solicitud de Desestimación por Cosa Juzgada, en la alternativa Oposición a "Replica a Oposición a mociones del Defensor Judicial" (SUMAC 237)*.[10] En síntesis, enfatizó que el foro primario había atendido la moción de nulidad de los fideicomisos y de dicha decisión ninguna de las partes recurrió, por lo cual había advenido final y firme. En cuanto al apartamento en el Condominio Regatta, propuso que fuera alquilado por $9,500.00, y con ello fuera utilizado para pagar otra propiedad. A su vez, reiteró su solicitud de pago de renta a la señora Santiago.

El 15 de agosto de 2024, los hermanos Allio Santiago presentaron una *Moción en Oposición a: "Moción en Cumpliendo de Orden (SUMAC #270), ETC"; Solicitud de Atención Urgente; y Solicitud de Resolución*.[11] En cuanto al apartamento que constituye el domicilio y hogar seguro de ellos, esbozaron que accedieron a la propuesta del Albacea para alquilarlo, pero se

---

[9] *Urgente Moción Solicitando Pago de Rentas*, págs. 268-273 del apéndice del recurso.
[10] *Solicitud de Desestimación por Cosa Juzgada, en la alternativa Oposición a "Replica a Oposición a mociones del Defensor Judicial" (SUMAC 237)*, págs. 378-416 del apéndice del recurso.
[11] *Moción en Oposición a: "Moción en Cumpliendo de Orden (SUMAC #270), ETC"; Solicitud de Atención Urgente; y Solicitud de Resolución*, págs. 458-464 del apéndice del recurso.

negaron a su venta. De otra parte, reiteraron su solicitud de dar por terminados los fideicomisos. Alegaron que, el foro recurrido podía dar por terminados los fideicomisos puesto que: (1) han advenido imposibles de cumplirse los fines para el que fueron creados; (2) al momento de su constitución, el fideicomitente, desconocía y no previó las circunstancias presentes -(costos de vida y limitación de los desembolsos)-; y (3) habiendo fallecido el fideicomitente y por acuerdo de sus fideicomisarios, la constitución de los fideicomisos no era necesaria para cumplir su propósito. Así las cosas, solicitaron que los fideicomisos fueran dados por terminados.

En la misma fecha, los hermanos Allio Santiago presentaron una *Moción Informativa Sobre Certificación Negativa*.[12] En esta, indicaron que los fideicomisos cuya nulidad habían solicitado no habían sido inscritos en el Registro de Fideicomisos.

Luego de varias incidencias procesales, el 20 de agosto de 2024, el foro primario notificó la *Resolución* recurrida. Mediante la cual, respecto a las controversias del caso de autos, determinó lo siguiente: autorizó el alquiler del apartamento en el Condominio Regatta a un tercero por $9,500.00, sin embargo, permitió que la señora Santiago se mantuviera residiendo junto a sus hijos hasta que fuera alquilado. En cuanto a los fideicomisos, mantuvo su determinación notificada el 9 de enero de 2024, en la cual denegó la solicitud de nulidad.

En desacuerdo, el 24 de agosto de 2024, el señor Allio presentó una moción de reconsideración parcial.[13] En esta, solicitó que el foro *a quo* reconsiderara su decisión para ordenarle a la señora Santiago a que pagara la renta adeudada, y desalojara el apartamento.

---

[12] *Moción Informativa Sobre Certificación Negativa*, págs. 465-467 del apéndice del recurso.
[13] *Solicitud de Reconsideración parcial de Resolución SUMAC 291*, págs. 474-480 del apéndice del recurso.

El 29 de agosto de 2024, el foro primario notificó una *Resolución*, mediante la cual declaró *Sin Lugar* la solicitud de reconsideración parcial.[14]

Inconforme con la *Resolución* del 20 de agosto de 2024, los hermanos Allio Santiago presentaron el recurso que nos ocupa, junto con una moción en auxilio de jurisdicción.[15] En su recurso, alegaron que el foro primario incurrió en los siguientes señalamientos de error:

> ERRÓ EL TPI, Y ABUSÓ DE SU DISCRECIÓN, AL DENEGAR LA SOLICITUD DE LOS PETICIONARIOS PARA QUE SE DECLAREN NULOS LOS FIDEICOMISOS CREADOS POR EL ALBACEA Y FIDUCIARIO.
>
> ERRÓ EL TPI, Y ABUSÓ DE SU DISCRECIÓN, AL DENEGAR LA SOLICITUD PARA QUE SE DETERMINE QUE PROCEDE DECLARAR NULO EL *SUPPORT TRUST* POR AFECTAR LA LEGÍTIMA DE LOS PETICIONARIOS, ASÍ COMO AL NEGARSE A DETERMINAR SU DERECHO AL 50% DEL CAUDAL.
>
> ERRÓ EL TPI, Y ABUSÓ DE SU DISCRECIÓN, AL DENEGAR LA SOLICITUD DE LOS PETICIONARIOS PARA QUE DICTE RESOLUCIÓN, DANDO POR TERMINADOS LOS FIDEICOMISOS.
>
> ERRÓ EL TPI AL DENEGAR LA SOLICITUD DE LOS PETICIONARIOS PARA QUE SE CREE Y SE INSCRIBA EN PUERTO RICO EL FIDEICOMISO CREADO EN RHODE ISLAND.

De igual forma, el señor Allio presentó otro recurso de *certiorari* para impugnar la misma *Resolución* donde señaló la comisión de los siguientes errores por parte del foro primario:

> ERRÓ EL TPI, SALA SUPERIOR DE SAN JUAN, INCURRIÓ EN CRASO ABUSO DE DISCRECIÓN, PREJUICIO Y ERROR MANIFIESTO, AL DECLARAR SIN LUGAR LA RECONSIDERACIÓN PARCIAL DE RESOLUCIÓN LA CUAL SOLICITA LA IMPOSICIÓN DE PAGO DE RENTA A SANTIAGO POR EL USO Y DISFRUTE EXCLUSIVO DEL INMUEBLE DEL CAUDAL, DEL CUAL NO ES HEREDERA.
>
> ERRÓ EL TPI, SALA SUPERIOR DE SAN JUAN, INCURRIÓ EN CRASO ABUSO DE DISCRECIÓN, PREJUICIO Y ERROR MANIFIESTO, AL DECLARAR SIN LUGAR LA RECONSIDERACIÓN PARCIAL DE RESOLUCIÓN LA CUAL SOLICITA LA IMPOSICIÓN DE PAGO DE RENTA A CARMEN SANTIAGO POR EL USO Y DISFRUTE EXCLUSIVO DEL INMUEBLE DEL CAUDAL, DEL CUAL NO ES HEREDERA, DESDE LA MUERTE DEL CAUSANTE EN FEBRERO DE 2023.

---

[14] *Resolución*, pág. 491 del apéndice del recurso.
[15] El 24 de septiembre de 2024, este Foro emitió una *Resolución*, mediante la cual, declaramos *No Ha Lugar* a la moción en auxilio de jurisdicción instada por los hermanos Allio Santiago.

**9**

Luego de evaluar ambos recursos, el 4 de octubre de 2024, emitimos una *Resolución* en la que ordenamos la consolidación de ambos recursos, a tenor con lo dispuesto en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

Con el beneficio de los escritos de las partes, damos los recursos consolidados por perfeccionados y procedemos a resolverlos.

## II.

El recurso de *certiorari* es un medio procesal de carácter discrecional que, a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 711 (2019).; *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). Así, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción. *García v. Asociación*, 165 DPR 311, 321 (2005).

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —vía *certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

> [E]l recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. […]. Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1.

Bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los

siguientes criterios para mostrar causa o para la expedición del auto de *certiorari*:

> (A)  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B)  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C)  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D)  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E)  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F)  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G)  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.

En ese sentido, el Tribunal Supremo de Puerto Rico ha dispuesto que:

> De ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial. *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992).

De manera, que si la actuación del foro recurrido no está desprovista de base razonable ni perjudica los derechos sustanciales de las partes, deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso. *SLG Zapata-Rivera v. JF Montalvo*, 189 DPR 414, 434-435 (2018).

### III.

En el caso de autos, los hermanos Allio Santiago, en esencia alegan que incidió el foro primario al denegar declarar nulos los fideicomisos creados por el Albacea. A su vez, arguyen que erró

dicho foro al no remover al Albacea de sus funciones, ni permitirles que éste justificara y reembolsara los gastos no autorizados e irrazonables realizados con cargo al caudal hereditario.

Por su parte, el señor Allio alega que incidió el foro recurrido al no ordenarle a la señora Santiago el pago de una renta por el uso y disfrute exclusivo del inmueble del caudal.

Luego de examinar los recursos consolidados, resolvemos que no se han producidos circunstancias que requieran nuestra intervención en esta etapa. Las determinaciones recurridas no exhiben los elementos jurídicos, que activan nuestra facultad revisora de conformidad a los parámetros de la Regla 52.1 de Procedimiento Civil, *supra*. Tampoco contemplamos la existencia de los criterios jurídicos que motiven nuestro ejercicio revisor a tenor con la Regla 40 del Tribunal de Apelaciones, *supra*.

En virtud de lo anterior, denegamos expedir los recursos de *certiorari* consolidados, recordando que nuestra denegatoria no prejuzga los méritos del caso o la controversia planteada pudiendo ser reproducida nuevamente mediante el correspondiente recurso de apelación, cuando en Derecho así proceda. Así pues, brindamos deferencia al foro recurrido y rechazamos intervenir en los méritos para variar su determinación. En consecuencia, procedemos a denegar los recursos de *certiorari* consolidados.

**IV.**

Por los fundamentos antes expuestos, **DENEGAMOS** los recursos de *certiorari* presentados.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones